16-1504
*Franco v. A Better Way Wholesale Autos, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of May, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

———————————————————————

ELISA FRANCO,

> *Plaintiff-Appellee*,

v.                                                                          16-1504

A BETTER WAY WHOLESALE AUTOS, INC.,
BCI FINANCIAL CORP.,

> *Defendants-Appellants*.

———————————————————————

For Plaintiff-Appellee:             BRIAN L. BROMBERG (Jonathan A. R. Miller, *on the brief*), Bromberg Law Office, P.C., New York, NY

                                    Daniel S. Blinn, Consumer Law Group, LLC, Rocky Hill, CT

For Defendants-Appellants:          KENNETH A. VOTRE, Votre & Associates, P.C., Ridgefield, CT

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court is **AFFIRMED**.

Defendants-Appellants A Better Way Wholesale Autos, Inc. and BCI Financial Corp. ("Defendants") appeal from a judgment of the district court entered May 12, 2016, granting summary judgment to Plaintiff-Appellee Elisa Franco ("Franco") on her claim brought under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and awarding her $2,000 in statutory damages, and from a May 31, 2016 order of the district court awarding $15,358.43 in costs and attorney's fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party, and resolving all ambiguities—and drawing all reasonable inferences—against the movant. *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79–80 (2d Cir. 2009). In so doing, we ask "not whether the evidence unmistakably favors one side or the other[,] but whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). We review the award of costs and attorney's fees, by contrast, for abuse of discretion. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 254 (2d Cir. 2015).

The TILA requires that property insurance charges and premiums be disclosed to the borrower as part of the "finance charge," 15 U.S.C. § 1605(a), *i.e.*, "the cost of consumer credit," 12 C.F.R. § 226.4(a), as opposed to the total amount financed, *i.e.*, the amount of credit available

for "actual use," 15 U.S.C. § 1638(a)(2)(A); *see also Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004); *Hicks v. Star Imps., Inc.*, 5 F. App'x 222, 224 (4th Cir. 2001). The requirement does not apply, however, where the creditor provides (1) "a clear and specific statement in writing," which (2) "set[s] forth the cost of the insurance if obtained from or through the creditor," and (3) "stat[es] that the person to whom the credit is extended may choose the person through which the insurance is to be obtained." 15 U.S.C. § 1605(c). Here, the parties do not contest that these requirements apply to the vendor's single interest ("VSI") insurance premium at issue here, and that the premium is listed as part of the amount financed, rather than as a finance charge, in Franco's financing agreement (the "Agreement").

Defendants' principal argument on appeal is that the district court improperly resolved an issue of material fact when it concluded that the Agreement did not provide notice of the premium sufficient to render it compliant with the TILA. This contention is meritless. The provision of the Agreement that Defendants allege provides the required notice—a provision that is enclosed in a box separate from the remainder of the Agreement—is entitled "Vendor's Single Interest Insurance (VSI Insurance)." App'x at 32. The first sentence of the provision states: "If the preceding box is checked, we require VSI insurance for the initial term of the contract to protect us for loss or damages to the vehicle (collision, fire, theft)." *Id*. The checkbox is not checked. While there is a "XX" indicator in the same general vicinity of the provision, *see id.*, it is insufficiently close to the checkbox for a reasonable juror to conclude that the "XX" indicated that the provision was in force. And, even if a reasonable juror *could* conclude that it was ambiguous whether the "XX" referred to the checkbox at issue, the provision would still, in that case, not constitute the "*clear* and specific statement in writing" required by the TILA. 15 U.S.C. § 1605(c) (emphasis added); *cf. Household Credit Servs., Inc. v. Pfennig*, 541 U.S. 232,

235 (2004) (noting that "TILA's disclosure provisions seek to ensure 'meaningful disclosure of credit terms'" (quoting 15 U.S.C. § 1601(a))).

Defendants nonetheless maintain that, even if unchecked, the provision provides sufficient notice under the TILA because it clearly indicates that VSI insurance is required, the premium amount, and that Franco can "choose the insurance company through which the VSI insurance is obtained." App'x at 32. As an initial matter, it is unreasonable to assume that a borrower would read the unchecked provision of the Agreement, such that the provision's contents can be deemed clear notice. In any event, the first clause of the provision provides that "[i]f this preceding box is checked, we require VSI insurance," *id.*, strongly suggesting that the remainder of the provision—which only describes aspects of the VSI insurance referenced in the first clause—is similarly conditioned.[1] Accordingly, the district court properly determined that no reasonable juror could conclude that the provision at issue provides sufficient notice under the TILA, such that summary judgment was warranted.

As to the district court's award of $15,358.43 in costs and attorney's fees, Defendants argue—for the first time on appeal—that the *extent* of their violation of the TILA remains an issue of material fact, implying that the district court also improperly awarded $2000 in statutory damages. Defendants do not explain, however, given that Franco prevailed on summary judgment, how her TILA claim was not "entirely successful," *id.* at 111, such that the fee award

---

[1] Even if Franco was aware that she was required to *purchase* VSI insurance by virtue of its inclusion in the itemized amount financed, it does not follow that the provision itself provided clear written notice of her right to, for example, purchase the insurance elsewhere given both the conditional language of the provision and the fact that it cannot reasonably be assumed that a borrower in Franco's circumstances would read an unchecked provision.

4

amount was improper,[2] *see Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (explaining that "the most critical factor" in the award of attorney's fees "is the degree of success obtained"). Further, the award of $2,000 in statutory damages was appropriate given the TILA authorizes the recovery of double the finance charge, up to $2,000, *see* 15 U.S.C. § 1640(a)(2)(A)(i) (2015); *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 US. 50, 59–60 (2004), and the parties do not dispute that the finance charge in the Agreement was $3,394.47. We accordingly affirm the district court's award of costs and attorney's fees.

\*     \*     \*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Defendants have abandoned their contention that the attorney's fees are excessive and improperly reflect time spent on claims that have been voluntarily withdrawn. *See LNC Invs., Inc. v. Nat'l Westminster Bank*, 308 F.3d 169, 176 n.8 (2d Cir. 2002).